IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ELIZABETH THOMAS | * | CIVIL ACTION NO.: 11-3656 |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | DISTRICT JUDGE GLEESON |
| MORTGAGE ELECTRONIC REGISTRATION | * | |
| SYSTEMS, INC., AND MERSCORP, *collectively* | * | |
| *as MERS*, LAW OFFICE OF BARRETT, DAFFIN | * | |
| FRAPPIER, TURNER & ENGEL, LLP, | * | |
| *collectively,* BARRETT, BURKE, WILSON, | * | |
| CASTLE, DAFFIN, FRAPPIER, LLP, | * | |
| *collectively* NDEX WEST LLC, DOLAN | * | |
| COMPANY, *collectively* DOLAN MEDIA, | * | |
| NDEX, and AMERICAN PROCESSING | * | |
| COMPANY, DOES 1-50 | * | |


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY
DEFENDANTS THE DOLAN COMPANY,
<u>AMERICAN PROCESSING COMPANY, LLC, AND NDEX WEST, LLC</u>**

# TABLE OF CONTENTS

BACKGROUND ................................................................................................................. 2

LEGAL ARGUMENT ........................................................................................................ 3

A.  Thomas Has No Standing to Pursue the Claims Asserted in the Complaint. ................... 4

B.  Judicial Estoppel Requires Dismissal of Thomas' Complaint. ......................... 5

C.  Nine of Thomas' Seventeen Alleged Causes of Action are Not Recognized as
    Private Causes of Action. ......................................................................................... 8

    1. The substantive law of this dispute is provided by federal or Texas law. .................. 8

    2. Federal law does not provide a private cause of action for violations of the
       Bankruptcy Code or contempt/fraud on the Bankruptcy Court. .............................. 9

       Count 8 – Contempt of the Bankruptcy Code ........................................................ 9
       Count 9 – Contempt of Federal Rules of Bankruptcy Procedure ........................... 9
       Count 11 – Abuse of the Bankruptcy Process ....................................................... 9
       Count 12 – Fraud on the Court ............................................................................ 9
       Count 15 – Violating Due Process and Civil Rights with Threats ........................ 10

    3. Texas law does not provide a private cause of action for several of Thomas'
       state law claims. .................................................................................................. 10

       Count 2 – The False "Transfer" of Rights in the Property ................................... 10
       Count 3 – Filing Fraudulent and Illegal Liens ..................................................... 11
       Count 10 – Unauthorized Practice of Law ........................................................... 11
       Count 14 – Money Laundering ............................................................................ 12

D.  Thomas' Complaint Does Not State Claims Upon Which Relief Can Be Granted. ....... 12

       Count 1 – Violation of 18 U.S.C. § 1962(c) ("RICO") ....................................... 13
       Count 4 – Common Law Fraud ........................................................................... 16
       Count 5 – Injurious Falsehood ............................................................................ 17
       Count 6 – Violation of the FDCPA, 15 U.S.C. § 1692g ...................................... 17
       Count 7 – Slander of Title .................................................................................. 18
       Count 10(a) – Civil Conspiracy ........................................................................... 18
       Count 13 – Conspiracy to Commit Wrongful Foreclosure by the Creation,
              Operation, and Use of the MERS System and Fraudulent Documents 18
       Count 16 – Declaratory Relief ............................................................................. 19

E.  Thomas' Complaint Should Also Be Dismissed under Rule 12(b)(3) because the
    Eastern District of New York is an Improper Venue for this Dispute. .......................... 21

CONCLUSION ................................................................................................................. 22

# TABLE OF AUTHORITIES

**CASES**                                                                                   **PAGE(S)**

*Am. Dental Ass'n v. Cigna Corp.*,
  605 F.3d 1283 (11th Cir. 2010) ...................................................................14

*Anatian v. Coutts Bank (Switzerland) Ltd.*,
  193 F.3d 85 (2d Cir. 1999).........................................................................14

*Anza v. Ideal Steel Supply Co.*,
  547 U.S. 451 (2006)....................................................................................16

*Arthur W. Tifford, PA v. Tandem En. Corp.*,
  562 F.3d 699 (5th Cir. 2009) ......................................................................19

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009)..............................................................12, 13, 14, 22

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................12, 13, 14, 15, 19, 22

*Broadview Chem. Corp. v. Loctite Corp.*,
  417 F.2d 998 (2d Cir. 1970).......................................................................20

*Cardinal Chem. Co. v. Morton Int'l*,
  508 U.S. 83 (1993)......................................................................................20

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)......................................................................................5

*Cheung v. Youth Orchestra Found. of Buffalo, Inc.*,
  906 F.2d 59 (2d Cir. 1990).........................................................................5

*Coffaro v. Crespo*,
  721 F.Supp.2d 141 (E.D.N.Y. 2010) ...........................................................7

*Express One Int'l, Inc. v. Galland, Kharasch, Morse & Garfinkle, P.C.*,
  No. Civ.A.3:94–CV–1900–P, 1999 WL 794876 (N.D. Tex. Oct. 5, 1999) ...........................17

*Gowanus Indus. Park, Inc. v. Hess Corp.*,
  No. 10-CV-5522 (JG)(JO), 2012 WL 273657 (E.D.N.Y. Jan. 31, 2012).........................19, 20

*Hemi Group, LLC v. City of New York*,
  130 S. Ct. 983 (2010)..................................................................................16

*Holley v. Watts*,
  629 S.W.2d 694 (Tex. 1982).......................................................................15

*Ibok v. Siac-Sector Inc.*,
   No. 05-Civ-6584, 2011 WL 293757 (S.D.N.Y. Feb 2, 2011) .................................................7

*In re AIG Advisor Group*,
   No. 06-CV-1625(JG), 2007 WL 1213395 (E.D.N.Y. April 25, 2007) ......................................4

*In re Liquidation of Mid-Land Ins. Co.*,
   947 N.E.2d 1174 (N.Y. 2011) ..............................................................................................8

*In re Nolo Press/Folk Law, Inc.*,
   991 S.W.2d 768 (Tex. 1999) .........................................................................................11, 12

*Joubert v. ABN Amro*,
   411 F.3d 452 (3rd Cir. 2005) ...............................................................................................9

*Lerner v. Fleet Bank, N.A.*,
   318 F.3d 113 (2d Cir. 2003) ...............................................................................................16

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ...........................................................................................................4

*Moore v. T–Mobile USA*,
   No. 10–CV–0527, 2011 WL 609818 (E.D.N.Y. Feb. 15, 2011) ............................................5

*Negron v. Weiss*,
   No. 06-CV-1288, 2006 WL 2792769 (E.D.N.Y. Sept. 27, 2006) ..........................................7

*Pertuso v. Ford Motor Credit Co.*,
   233 F.3d 417 (6th Cir. 2000) ..............................................................................................10

*Rodal v. Anesthesia Group of Onondaga, P.C.*,
   369 F.3d 113 (2d Cir. 2004) ................................................................................................7

*Rosenshein v. Kleban*,
   918 F.Supp. 98 (S.D.N.Y. 1996) .........................................................................................8

*Salehpour v. Univ. of Tenn.*,
   159. F.3d 199 (6th Cir. 1998) ..............................................................................................5

*Solow Bldg. Co. v. ATC Assocs., Inc.*,
   175 F.Supp.2d 465 (E.D.N.Y. 2001) ..................................................................................21

*United States v. Burden*,
   600 F.3d 204 (2d Cir. 2010) ..............................................................................................14

*United States v. Indelicato*,
   865 F.2d 1370 (2d Cir. 1989) ............................................................................................14

*Walls v. Wells Fargo Bank, N.A.*,
   276 F.3d 502 (9th Cir. 2002) ................................................................10

*Williams v. Jennings*,
   755 S.W.2d 874 (Tex. App. – Houston [14th Dist.] 1988)......................18

*Zahler v. Empire Merchants, LLC*,
   No. 11-CV-3163 (JG)(CLP), 2012 WL 273698 (E.D.N.Y. Jan. 31, 2012)............................12

STATUTES

11 U.S.C. § 105(a) ...................................................................................9

15 U.S.C. § 1692a, *et seq.*.......................................................................17

18 U.S.C. § 1961.................................................................................14, 15

18 U.S.C. § 1962.................................................................................13, 14

28 U.S.C. § 1391.....................................................................................21

28 U.S.C. § 1406(a) ................................................................................21

28 U.S.C. §§ 2201-2202 ..........................................................................19

OTHER AUTHORITIES

Rule 8 of the Federal Rules of Civil Procedure .................................2, 4, 12

Rule 9 of the Federal Rules of Civil Procedure ........................................14

Rule 12(b)(1) of the Federal Rules of Civil Procedure..................................3

Rule 12(b)(3) of the Federal Rules of Civil Procedure.............................4, 21

Rule 12(b)(6) of the Federal Rules of Civil Procedure...............3, 5, 8, 10, 12

Article III of the United States Constitution .........................................4, 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ELIZABETH THOMAS | * | CIVIL ACTION NO.: 11-3656 |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | DISTRICT JUDGE GLEESON |
| MORTGAGE ELECTRONIC REGISTRATION | * | |
| SYSTEMS, INC., AND MERSCORP, *collectively* | * | |
| *as MERS*, LAW OFFICE OF BARRETT, DAFFIN | * | |
| FRAPPIER, TURNER & ENGEL, LLP, | * | |
| *collectively,* BARRETT, BURKE, WILSON, | * | |
| CASTLE, DAFFIN, FRAPPIER, LLP, | * | |
| *collectively* NDEX WEST LLC, DOLAN | * | |
| COMPANY, *collectively* DOLAN MEDIA, | * | |
| NDEX, and AMERICAN PROCESSING | * | |
| COMPANY, DOES 1-50 | * | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY
DEFENDANTS THE DOLAN COMPANY,
AMERICAN PROCESSING COMPANY, LLC, AND NDEX WEST, LLC**

Defendants The Dolan Company, American Processing Company, LLC, and NDeX West, LLC (collectively, "Dolan")[1] file this memorandum of law in support of their motion to dismiss.

For the third time and in the third jurisdiction, Plaintiff Elizabeth Thomas has brought suit against Dolan and a host of other defendants alleging claims of illegal practices in the home foreclosure industry in Texas. Thomas' first two attempts to assert these claims were dismissed, and Thomas' latest Complaint should reach the same fate.

Thomas' Complaint – which is over one hundred pages and five hundred paragraphs – asserts seventeen causes of action. But each and every one of these causes of action should be dismissed for one or more of the following reasons. *First*, Thomas has no standing to bring any of

---

[1]     The Dolan Company is a publicly traded company. American Processing Company, LLC is a subsidiary of The Dolan Company that provides mortgage default processing services to law firms. NDeX West, LLC is a subsidiary of American Processing Company, LLC.

her claims because the Complaint identifies no "injury in fact" to her as a result of the Defendants' alleged conduct.  **Second**, Thomas is judicially estopped from asserting any of the claims in the Complaint because she failed to disclose them as potential assets in her bankruptcy proceeding filed in December 2010.  **Third**, the Complaint includes several claims for which there is no recognized private cause of action.  **Fourth**, Thomas' Complaint fails under Rule 8 of the Federal Rules of Civil Procedure and *Twombly*/*Iqbal* because she does not state a claim for relief that is plausible on its face.  And *fifth*, the Eastern District of New York is an improper venue for this case.

## BACKGROUND

In January 2011, Thomas filed an amended complaint in the Southern District of Texas, which was Thomas' then-current place of residence and the location of her home that had been subject to foreclosure.[2]  Thomas' amended complaint was styled as a putative class action, and it asserted the same basic claims against the same basic group of defendants as are present in this case.  NDeX West, LLC filed a motion to dismiss on various grounds.  Several days after NDeX West, LLC filed its motion, Thomas moved to voluntarily dismiss her case.  On April 28, 2011, the district court granted Thomas' motion, dismissing Thomas' case without prejudice.  (*See* Exhibit 1.)

In February 2011, while her case in the Southern District of Texas was still pending, Thomas filed an adversary proceeding containing similar allegations in her Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Southern District of Texas.[3]  Dolan moved to dismiss the adversary proceeding, which the Bankruptcy Court did on April 28, 2011.  The Bankruptcy Court found that it lacked subject matter jurisdiction because the adversary proceeding

---

[2]     *Elizabeth Thomas v. Merscorp Inc., et al.,* Case No. 10-4320, in the United States District Court for the Southern District of Texas.  Thomas' lawsuit was actually filed on October 21, 2010, but her first amended complaint, which joined Dolan and Barrett Daffin and asserted the same types of claims that are present in her current Complaint, was filed on January 3, 2011.

[3]     *In re Elizabeth Thomas*, Case No. 10-40785-H3-7, in the United States Bankruptcy Court for the Southern District of Texas; *Thomas v. Dolan Media, et al.*, Adversary No. 11-03090.

did not arise under or relate to the Chapter 7 case (which was closed), nor did it arise under the Bankruptcy Code.  (*See* Exhibit 2.)  Thomas initially moved to reopen her Chapter 7 case in an attempt to revive the adversary proceeding, but she later withdrew her motion on the eve of a hearing on the matter.  (*See* Exhibit 3.)

On July 27, 2011, Thomas filed the current Complaint in the Eastern District of New York. Once again, Thomas' primary targets are Mortgage Electronic Registration Systems, Inc. and MERSCORP (collectively "MERS"), the law firm of Barrett, Daffin, Frappier, Turner & Engel ("Barrett Daffin"), and Dolan.  And once again, Thomas' allegations are vague, conclusory, and unsupportable.  Thomas' Complaint employs a shotgun approach to pleading that rants about the foreclosure process, rather than a rifle shot approach that identifies and targets her specific complaints.  Indeed, almost all of her allegations appear to be taken from outside sources – most notably a similar lawsuit filed in Florida[4] and The Dolan Company's public filings – and copied *verbatim* into her Complaint.

## LEGAL ARGUMENT

As detailed below, Thomas' Complaint, which is nothing more than a general condemnation of the foreclosure process in Texas, suffers from numerous fatal defects.  The Complaint must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing. Because Thomas identifies no "injury in fact" that she suffered as a result of Defendants' alleged conduct, there is no case or controversy that would allow this Court to exercise subject matter jurisdiction.  And even if Thomas had standing, the Complaint would have to be dismissed under Rule 12(b)(6) because it fails to state a claim upon which relief can be granted for three different reasons: judicial estoppel, the assertion of unrecognized causes of action, and a failure to meet the

---

[4]      Many of the allegations in Thomas' Complaint appear to have been copied directly from the complaint in *Figueroa v. Merscorp, Inc.*, which is a case filed (and later dismissed) in the Southern District of Florida.  *See* Case No. 0:10-cv-61296-CMA, Third Amended Complaint [Doc #112].

pleading standards of Rule 8 and *Twombly*/*Iqbal*.  Finally, even if Thomas had standing and had

adequately pleaded viable causes of action, the Complaint must be dismissed under Rule 12(b)(3)

because the Eastern District of New York is an improper venue for this dispute.

**A.      Thomas Has No Standing to Pursue the Claims Asserted in the Complaint.**

Federal courts are courts of limited jurisdiction.  "To invoke [a federal district court's]

subject matter jurisdiction, plaintiffs must present a justiciable 'Case' or 'Controversy'" as outlined

in Article III of the United States Constitution.  *In re AIG Advisor Group*, No. 06-CV-1625(JG),

2007 WL 1213395, *4 (E.D.N.Y. April 25, 2007).  "Plaintiffs present no such case or controversy if

they lack standing to sue, *i.e.*, if they allege no (a) injury-in-fact that is (b) fairly traceable to the

defendants' allegedly unlawful conduct, and (c) likely to be redressed by a favorable decision."  *Id.*

(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)).  When a plaintiff complains

only about "harm to his and every citizen's interest in proper application of the Constitution and

laws, and seek[s] relief that no more directly and tangibly benefits him than it does the public at

large[, then he] does not state an Article III case or controversy."  *Lujan*, 504 U.S. at 573-574.  "The

'injury in fact' test requires more than an injury to a cognizable interest.  It requires that the party

seeking review be himself among the injured."  *Id.* at 560.

This Court lacks subject matter jurisdiction over the Complaint because Thomas lacks

standing to bring any of her asserted claims.  Despite generic allegations regarding "damages,"

Thomas completely fails to identify any "injury in fact" *to her* that is a result of Defendants' alleged

conduct.[5]   In fact, Thomas confirmed that her Complaint does not seek to redress any particular injury to her when she stated during the initial pre-trial conference that, "This litigation is not about my home.  This – I'm not coming to the Court, asking the Court to make any decisions of whether they take that house or not.  It's not relevant to me any longer at this point…" (Exhibit 4 at 6:10-14.)[6]   Instead, Thomas simply asserts generalized grievances in an attempt to correct what she perceives to be widespread improper foreclosure procedures.[7]   Given Thomas' failure to identify any injury in fact to herself that she seeks to remedy, Thomas' claims must be dismissed because her lack of Article III standing means this Court does not have subject matter jurisdiction over this dispute.

**B.    Judicial Estoppel Requires Dismissal of Thomas' Complaint.**

In the event any of Thomas' claims overcome the jurisdictional challenge, the Court must also dismiss Thomas' claims pursuant to Rule 12(b)(6) under the doctrine of judicial estoppel.[8]

---

[5]    Although unclear from the Complaint, Thomas has previously indicated that she is bringing claims on behalf of others as a class action. (Compl. ¶ 497 ("The plaintiff and the class invoke the court's inherent powers…").)  However, as a non-lawyer, Thomas is prohibited from representing the rights of others in a class action. *See, e.g., Moore v. T–Mobile USA*, No. 10–CV–0527, 2011 WL 609818, *6 (E.D.N.Y. Feb. 15, 2011) ("[Plaintiff] cannot convert this action to a class action because he is proceeding pro se, and a pro se litigant cannot represent anyone other than himself or herself.") (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)).  Therefore, to the extent the Complaint seeks damages on behalf of anyone other than Thomas, the Court should dismiss the Complaint based on Thomas' inappropriate attempt to represent a class of injured plaintiffs.

[6]    In the event that Thomas changes course and identifies the foreclosure of her house as her "injury in fact," the Court would still lack subject matter jurisdiction because that dispute is not ripe for resolution.  As evidenced by the February 3, 2012 affidavit of Brian Engel, "no foreclosure sale of Ms. Thomas' property has yet occurred; she has not been dispossessed of the property or title in the property as of the time I am executing this affidavit."  *See* Exhibit 5, Affidavit of Brian Engel [Doc #22] at ¶ 22, submitted in support of Motion to Dismiss by Law Office of Barrett, Daffin, Frappier, Turner & Engel, LLP [Doc #23].

[7]    "Whether a loan is in default or not is not the issue.  It's whether or not a lawyer can go and make his own documents and use his – and allow someone to use his license to make these documents. … So, I mean there's a lot of allegations here in my complaint – but the most important one focuses on they went to the United States Patent and Trademark Commission and to a copyright and they made up their own procedures for foreclosure."  (Exhibit 4 at 7:24 – 8:2; 11:20 – 12:1.)

[8]    If the Court must consider materials outside the pleadings to rule on judicial estoppel under Rule 12, the Court can enter summary judgment *sua sponte*. *Salehpour v. Univ. of Tenn.*, 159. F.3d 199, 204 (6th Cir. 1998); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence").

In October 2010, Thomas was 15 months in arrears on her mortgage with a total delinquency of more than $40,000.[9]   After being retained by her mortgage lender (J.P. Morgan Chase Bank, N.A. ("Chase")), Barrett Daffin sent a notification to Thomas on October 28, 2010 informing her that Chase had exercised its right to accelerate the debt's maturity and institute a non-judicial foreclosure sale, which was scheduled for December 7, 2010.[10]   Barrett Daffin then proceeded with their customary (and legal) practices by acting under a limited power of attorney from Chase to appoint a substitute trustee and assign the deed of trust from MERS to Chase Home Finance, LLC, in an effort to facilitate the non-judicial foreclosure sale.[11]   These are the actions about which Thomas complains, and they all took place in late 2010, in anticipation of a December 7, 2010 foreclosure sale.[12]

On December 3, 2010, Thomas filed a "no-asset" bankruptcy case under Chapter 7 of the United States Bankruptcy Code.[13]   As part of that proceeding, Thomas was required to declare under penalty of perjury the existence of any assets or potential assets, including potential claims in litigation.   But despite the fact that all of the conduct about which she now complains had already occurred, Thomas failed to identify the claims she is making in this lawsuit on her schedules of assets and potential assets in her bankruptcy case.   (*See* Exhibit 6, Schedule B – Personal Property and Declaration filed by Thomas on December 3, 2010.)   In fact, Thomas again failed to disclose her potential claims in the amended schedules she filed on January 25, 2011 – which came three weeks after she filed the first of her nearly identical complaints against Dolan and Barrett Daffin in

---

[9]      *See* Exhibit 5, Affidavit of Brian Engel [Doc #22] at ¶ 19, submitted in support of Motion to Dismiss by Law Office of Barrett, Daffin, Frappier, Turner & Engel, LLP [Doc #23].

[10]      *Id.* at ¶¶ 20(a) – 20(b).

[11]      *Id.* at ¶¶ 20(c) – 20 (f)(vii).

[12]      As discussed in footnote 6, the foreclosure sale never took place due to Thomas' bankruptcy filing and subsequent litigation.

[13]      Case No. 10-40785-H3-7, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

the Southern District of Texas on January 3, 2011. (*See* Exhibit 7, Schedule B – Personal Property and Declaration filed by Thomas on January 25, 2011.) In reliance upon Thomas' representations (or lack thereof) regarding her potential assets, the bankruptcy court discharged Thomas' debt and closed her case on March 1, 2011.[14]

The doctrine of judicial estoppel prevents a party from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding. *Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004). In this context, judicial estoppel prevents Thomas from verifying to the bankruptcy court that she has no assets or potential assets in an effort to obtain a discharge of her debts, and then later asserting in a different court that she is entitled to in excess of $23 million for conduct that occurred prior to the discharge of her debts.

Courts have routinely applied judicial estoppel in cases like this one to prohibit claims by individuals who failed to disclose the existence of the claims (or potential claims) in their bankruptcy proceedings. *See, e.g., Ibok v. Siac-Sector Inc.*, No. 05-Civ-6584, 2011 WL 293757 (S.D.N.Y. Feb 2, 2011) (dismissing employment discrimination claim brought by *pro se* plaintiff because he failed to disclose his potential claim to the bankruptcy court); *Coffaro v. Crespo*, 721 F.Supp.2d 141 (E.D.N.Y. 2010) (granting summary judgment of a declaratory judgment action because the plaintiff seeking a declaration that he was the rightful owner of a Salvador Dali painting did not disclose his potential claim in his bankruptcy proceeding); *Negron v. Weiss*, No. 06-CV-1288, 2006 WL 2792769, *3 (E.D.N.Y. Sept. 27, 2006) (dismissing declaratory judgment action

---

[14]     *See* Exhibit 8, Order Discharging Debtor, and Exhibit 9, Final Decree. It appears that Thomas filed a second amended set of asset schedules in the bankruptcy court on May 25, 2011, which did include her pending litigation. But that filing was a nullity and is of no consequence to the judicial estoppel argument because the bankruptcy case had already been closed and her debts discharged based on her previous representations. (*See* Exhibit 10, Schedule B – Personal Property and Declaration filed by Thomas on May 27, 2011.) It is also worth noting that Thomas filed the May 2011 amended schedules only after NDeX West, LLC had filed its motion to dismiss Thomas' complaint in the Southern District of Texas based, in part, on the judicial estoppel argument.

regarding ownership of an apartment building because the plaintiffs had not disclosed the potential asset in their bankruptcy proceeding).  "The rationale for these decisions is that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets." *Rosenshein v. Kleban*, 918 F.Supp. 98, 104 (S.D.N.Y. 1996).  It would violate the "integrity" of the bankruptcy system to "permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently" assert "those claims for his own benefit in a separate proceeding." *Id.*

Because the bankruptcy court relied on Thomas' failure to disclose the claims in her Complaint as potential assets before granting her a discharge in March 2011, Thomas is judicially estopped from pursuing the claims now, and her Complaint must be dismissed under Rule 12(b)(6).

**C.    Nine of Thomas' Seventeen Alleged Causes of Action are Not Recognized as Private Causes of Action.**

Even without the jurisdictional issue and the judicial estoppel prohibition, many of Thomas' alleged causes of action would have to be dismissed on their face because they are not recognized as private causes of action under the applicable law, and thus, they do not state a claim upon which relief can be granted.

**1.    The substantive law of this dispute is provided by federal or Texas law.**

Some of Thomas' alleged causes of action are premised on violations of federal rules and statutes.  But for any non-federal claims, Texas law must provide a basis for Thomas' alleged causes of action.  As provided in the Deed of Trust executed by Thomas, disputes arising from her mortgage are governed by either federal or Texas law.[15]  And even without that choice of law provision, Texas law would apply to Thomas' non-federal claims under New York's "center of gravity" or "grouping of contacts" choice-of-law analysis.  *See In re Liquidation of Mid-Land Ins.*

---

[15]    *See* Exhibit 11, Deed of Trust ¶ 16, attached as Exhibit C to Affidavit of Brian Engel [Doc #22] submitted in support of Motion to Dismiss by Law Office of Barrett, Daffin, Frappier, Turner & Engel, LLP [Doc #23].

*Co.*, 947 N.E.2d 1174, 1178-1179 (N.Y. 2011).  The real property in question is located in Texas, and all of the behavior about which Thomas complains occurred in Texas.[16]   Indeed, Thomas acknowledges the application of Texas law when she argues that she is entitled to damages under various sections of the Texas Business and Commerce Code and the Texas Civil Practice and Remedies Code.  (Compl. ¶¶ 532, 533, 536, 537, and 543.)

> **2.    Federal law does not provide a private cause of action for violations of the Bankruptcy Code or contempt/fraud on the Bankruptcy Court.**

Four of Thomas' causes of action relate to alleged violations or contempt of the Bankruptcy Code, the Bankruptcy Rules of Procedure, and/or the Bankruptcy Court.  Each of these statutes, rules, and courts are creatures of federal law, and thus, any related cause of action must be provided by federal law.  Thomas alleges the following causes of action:

> **Count 8 – Contempt of the Bankruptcy Code**
>
> **Count 9 – Contempt of Federal Rules of Bankruptcy Procedure**
>
> **Count 11 – Abuse of the Bankruptcy Process**
>
> **Count 12 – Fraud on the Court**

However, Thomas provides no legal authority – because there is none – that any of these counts are recognized private causes of action under federal law.

In Counts 8, 9, 11, and 12, Thomas refers to 11 U.S.C. § 105(a) of the Bankruptcy Code, which outlines a court's powers to police and enforce the bankruptcy rules and procedures.  (Compl. ¶¶ 460, 471, 497, and 500.)  But nothing in section 105(a) provides private litigants with a cause of action and/or potential remedy.  In fact, courts have routinely held that section 105(a) does *not* create a private cause of action for alleged bankruptcy violations.  *See, e.g., Joubert v. ABN Amro,*

---

[16]     *See* Exhibit 5, Affidavit of Brian Engel [Doc #22] at ¶ 21, submitted in support of Motion to Dismiss by Law Office of Barrett, Daffin, Frappier, Turner & Engel, LLP [Doc #23].

411 F.3d 452, 456 (3rd Cir. 2005); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000).

### Count 15 – Violating Due Process and Civil Rights with Threats

Count 15 focuses on Thomas' federal due process rights and access to the courts, but does not contain any legal or factual basis for sustaining any type of cause of action against Dolan. (Compl. ¶¶ 519, 524.)[17]   Thomas identifies no specific "threats" against her made by Dolan, nor does she attempt to relate the supposed threats with her due process rights.  Indeed, it is difficult to understand Thomas' complaints about access to the courts when the present Complaint represents her third bite at the apple to recover for the same alleged conduct after her first attempt was voluntarily dismissed and her second attempt was dismissed by the bankruptcy court.

In sum, Counts 8, 9, 11, 12 and 15 must be dismissed under Rule 12(b)(6) because they fail to state claims upon which relief can be granted.

### 3.      Texas law does not provide a private cause of action for several of Thomas' state law claims.

Similar to the five counts discussed above that are premised on alleged violations of federal law, Thomas' Complaint also includes claims for which Texas law does not recognize a private right of action.  Accordingly, each of these counts must be dismissed under Rule 12(b)(6).

### Count 2 – The False "Transfer" of Rights in the Property

Count 2 of Thomas' Complaint is an incoherent mixture of conclusory statements and rhetorical questions about foreclosure practices in Texas that provide no basis in law for a private litigant to pursue a remedy.  (Compl. ¶¶ 433 – 440.)  There simply is no cause of action under Texas law (or the law of any other state) for "the false transfer of rights in the property."  The gravamen of Count 2 appears to be criticism of the Texas statutes and common law jurisprudence that allow the

---

[17]      Thomas' Complaint does not contain any paragraphs numbered 520-523.

precise activity about which Thomas complains.[18]   Thomas' complaints in Count 2 should be presented to the Texas legislature, not a New York federal court.

<strong>Count 3 – Filing Fraudulent and Illegal Liens</strong>

Count 3 purports to invoke Texas criminal law for filing fraudulent and illegal liens, although no specific sections of the Texas Penal Code are cited.  (Compl. ¶¶ 441 – 446.)  But even without addressing the merits of the allegations, Thomas' own statements that the alleged violations are *felony* offenses underscore the true nature of this count.  Thomas may present her complaints to a criminal prosecuting attorney in Texas to see if criminal charges are warranted (which of course they are not), but the allegations do not present a private cause of action, and they certainly do not belong in front of a New York federal court.

<strong>Count 10 – Unauthorized Practice of Law</strong>

In Count 10, Thomas alleges that Defendants American Processing Company, LLC and NDeX West, LLC engaged in the unauthorized practice of law by "preparing pleadings and documents" as well as "promissory notes, affidavits, affidavits of indebtedness and other documents including claims and pleadings in the bankruptcy court."  (Compl. ¶¶ 482 - 489.)

Thomas does not complain that this activity occurred anywhere other than Texas.  "The Supreme Court of Texas has inherent power to regulate the practice of law in Texas for the benefit and protection of the justice system and the people as a whole."  *In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 769 (Tex. 1999).  "The entity charged with policing the unauthorized practice of law is the Unauthorized Practice of Law [UPL] Committee."  *Id.* at 771.  Legal proceedings to prohibit the unauthorized practice of law can be instituted by the UPL Committee, grievance committees, local bar associations, groups of practicing attorneys, or criminal prosecuting attorneys.

---

[18]     *See* Exhibit 5, Affidavit of Brian Engel [Doc #22] at ¶¶ 20(d) – 20(f)(vii), submitted in support of Motion to Dismiss by Law Office of Barrett, Daffin, Frappier, Turner & Engel, LLP [Doc #23].

*Id.* at 773. But Thomas, as a non-member of the Texas Bar, has no standing to bring such a claim herself, and she it entitled to no private remedy for any alleged violation. Her sole remedy to address the conduct about which she complains is to refer the matter to the UPL Committee or some other grievance committee or local bar association.

**Count 14 – Money Laundering**

Count 14 presents a one sentence conclusory allegation that Defendants are transferring large amounts of cash and bypassing the IRS. (Compl. ¶ 518.) Ignoring the meritless nature of the claim, Thomas has no standing to raise such an allegation and no private remedy in this Court. Again, Thomas' sole remedy is to refer her complaints to a criminal prosecuting attorney in Texas and/or the IRS for further evaluation.

**D.     Thomas' Complaint Does Not State Claims Upon Which Relief Can Be Granted.**

As to the remaining causes of action that theoretically could provide a basis for relief, Thomas' Complaint as pleaded is woefully inadequate.[19]

"Under the Federal Rules of Civil Procedure, a complaint 'must contain … a short plain statement of the claim showing that the plaintiff is entitled to relief.' Fed.R.Civ.P. 8(a)(2). A complaint that fails to state a claim upon which relief can be granted shall be dismissed upon motion of the defendant. *See* Fed.R.Civ.P. 12(b)(6)." *Zahler v. Empire Merchants, LLC*, No. 11-CV-3163 (JG)(CLP), 2012 WL 273698, *5 (E.D.N.Y. Jan. 31, 2012).

To survive a motion to dismiss, Thomas must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" that shows only a "sheer possibility" of wrongful conduct. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, Thomas must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[19]     To the extent the Court deems that any of Counts 2, 3, 8, 9, 10, 11, 12, 14, and/or 15 are cognizable as private causes of action, each would, nonetheless, also have to be dismissed because the pleadings are insufficient to state a claim upon which relief can be granted.

570 (2007); *Iqbal*, 129 S. Ct. at 1949-50 (stating that plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experiences and common sense"). But Thomas' Complaint is short on facts and long on conclusory and unsupportable allegations.

Whether a complaint meets the plausibility standard of *Twombly/Iqbal* is determined by a two-step approach. First, courts accept all of the factual allegations in the complaint as true, but must disregard those allegations that are nothing more than legal conclusions. *Iqbal* at 1949, citing *Twombly*, 550 U.S. at 555. After disregarding allegations that are nothing more than legal conclusions, courts should consider whether the complaint "states a plausible claim for relief . . . ." *Id*. at 1950 (citing *Twombly*, 550 U.S. at 556). If the complaint fails to state a plausible claim for relief, the court should grant the motion to dismiss. *Id*. Each and every one of Thomas' causes of action fails under this standard of plausibility and must be dismissed.

### Count 1 – Violation of 18 U.S.C. § 1962(c) ("RICO")

Thomas brings a claim for violations of the Racketeer Influenced and Corrupt Organizations Act, alleging that Defendants "participated in a criminal enterprise affecting interstate commerce" "by engaging in a pattern of racketeering activity, specifically by 'mail or wire fraud.'" (Compl. ¶ 431.) Thomas alleges that a separate count of mail fraud took place "each and every time a fraudulent pleading, Affidavit, Promissory Note Assignment, mortgage or mortgage Complaint" was filed. (*Id.* ¶ 432.) Thomas provides no specific allegations regarding these RICO violations.

Section 1962(c) prohibits any person "employed by or associated with any enterprise" from "conduct[ing] or participat[ing], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To state a RICO claim, the plaintiff must allege the existence of (1) a person who engages in (2) a pattern of racketeering activity or the collection of an unlawful debt (3) connected to the acquisition, establishment, conduct, or control of an enterprise. 18 U.S.C. § 1962. Given the nature

of the conduct alleged, courts require RICO claims to be pleaded with particularity. *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 89 (2d Cir. 1999). A RICO claim should be dismissed if its factual allegations are not "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citation omitted); *see also Anatian*, 193 F.3d at 89 (dismissing a RICO claim for failing to meet the pleading requirements of Rule 9); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290-93 (11th Cir. 2010) (upholding dismissal of RICO claims as insufficiently plead under *Twombly* and *Iqbal*).

### a.      Thomas fails to allege a pattern of racketeering activity.

Thomas' RICO claims fail as a matter of law because Thomas does not allege facts sufficient to demonstrate that Dolan – or any other defendant – engaged in a pattern of racketeering activity or the collection of an unlawful debt or that her damages were proximately caused by the RICO enterprise. Accordingly, the Court should dismiss the RICO claims as to Dolan.

Section 1961(1) defines "racketeering activity" as various enumerated federal offenses and "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance . . . which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1). A "pattern of racketeering" under Section 1962 "requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). A "pattern of racketeering activity" requires a pattern of predicate acts specifically prohibited by Section 1961(1). *United States v. Burden*, 600 F.3d 204, 216 (2d Cir. 2010). To set out a pattern of predicate acts, a plaintiff must demonstrate that the predicate acts are related and that such acts have some type of continuity. *United States v. Indelicato,* 865 F.2d 1370, 1376 (2d Cir. 1989).

Thomas fails to allege Dolan was involved in any predicate act specifically prohibited by section 1961(1). Nowhere is Dolan implicated in an alleged predicate act or anything that could be

remotely considered a predicate act beyond a conclusory allegations that Dolan engaged in "mail or wire fraud."  (Compl. ¶ 431.)  But this conclusory allegation is not "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.  Therefore, this count must be dismissed.

> **b.     Thomas fails to allege Defendants engaged in unlawful debt collection.**

Thomas also alleges no facts to support a RICO claim for unlawful debt collection associated with illegal gambling or usurious lending.  Under RICO, "unlawful debt" means:

> a debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State or political subdivision thereof, or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a State or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate.

18 U.S.C. § 1961(6).  The elements of usury under Texas law are: (1) a loan of money; (2) an absolute obligation that the principal be repaid; and (3) the exaction from the borrower of a greater compensation than the amount allowed by law for the use of money by the borrower.  *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex. 1982).

Thomas does not allege the collection of an unlawful debt and fails to allege that any debt was incurred in connection with illegal gambling or that money was lent at a usurious rate under Texas or federal law.  Thomas does not plead what rate is allowed under Texas or federal law, or that the rate charged was "at least twice the enforceable rate" as required under RICO.  18 U.S.C. § 1961(6).  In light of these deficiencies in her pleading, Thomas cannot support a RICO claim based on an "unlawful debt collection" theory.

       **c.**      **Thomas fails to allege that she was injured as a result of RICO offenses.**

To state a claim under civil RICO, Thomas must show "that a RICO predicate offense not only was a 'but for' cause of [her] injury, but was the proximate cause for RICO purposes." *Hemi Group, LLC v. City of New York*, 130 S. Ct. 983, 989 (2010) (citations omitted).  Proximate cause "requires some direct relation between the injury asserted and the injurious conduct alleged." *Id.* (citations omitted).  "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Co.*,  547 U.S. 451, 461 (2006).

Thomas makes no effort to link any of her alleged damages to the alleged RICO violations. Indeed, nowhere does Thomas allege that Dolan caused her damages.  When the alleged pattern of racketeering activity is not the proximate cause of the plaintiff's alleged injury, dismissal of the RICO claim is warranted. *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 123 (2d Cir. 2003).  Because Thomas fails to allege that Dolan proximately caused her damages, the Court should dismiss her RICO claims.

## Count 4 – Common Law Fraud

Thomas correctly recites the elements of common law fraud under Texas law, but her pleading does not allege enough facts to make it plausible on its face.  Count 4 contains two conclusory sentences alleging that the Defendants forged and publicly filed false Notices of Default and Notices of Sale, which they knew were false.  (Compl. ¶¶ 448 – 449.)  Those statements are so vague and conclusory that they must be ignored.  Moreover, Thomas does not even attempt to identify facts to support the remaining elements of the cause of action, which require the plaintiff to have acted in reliance upon and suffered damage as a result of the alleged misrepresentation.  These

deficiencies require that Count 4 be dismissed for failure to state a claim upon which relief can be granted.

### Count 5 – Injurious Falsehood

In Texas, the tort of injurious falsehood is also known as business disparagement.  The elements of this tort are: (1) publication by the defendant of disparaging words; (2) falsity; (3) malice; (4) lack of privilege; and (5) special damages.  *Express One Int'l, Inc. v. Galland, Kharasch, Morse & Garfinkle, P.C.*, No. Civ.A.3:94–CV–1900–P, 1999 WL 794876, *3 (N.D. Tex. Oct. 5, 1999).  Thomas identifies no disparaging words allegedly published by Dolan.  And even as to the allegedly false foreclosure documents, Count 5 contains nothing more than conclusory assertions regarding their alleged falsity and the alleged malice of the Defendants in drafting the documents.  (Compl. ¶¶ 450-451.)  The Complaint is completely void of any alleged pecuniary loss suffered by Thomas as a result of the foreclosure documents.  Thomas' failure to even mention several of the required elements of a claim for injurious falsehood, much less provide factual support to make the claim plausible, necessitates that Count 5 be dismissed.

### Count 6 – Violation of the FDCPA, 15 U.S.C. § 1692g

In Count 6, Thomas claims unspecified violations of the Fair Debt Collection Practices Act. (Compl. ¶ 452.)  The FDCPA prohibits (1) a debt collector from engaging in harassing, oppressive, or abusive conduct in collecting a debt, or (2) the use of false or misleading representations or unconscionable means in collecting debts.  15 U.S.C. § 1692a, *et seq*.  The FDCPA establishes a civil cause of action against "any debt collector who fails to comply with any provision of the [FDCPA] with respect to any person."  15 U.S.C. § 1692k(a).

Thomas' Complaint merely quotes a portion of the statute and does nothing more.  Thomas makes no effort to link the statute to any specific conduct by any Defendant.  Simply quoting the

statute and saying that the Defendants violated it is obviously not enough to assert a cause of action. Accordingly, Count 6 should be dismissed.

**Count 7 – Slander of Title**

Under Texas law, a plaintiff must plead and prove the following elements to establish a claim for slander of title: (1) the plaintiff possessed an interest in the property; (2) the defendant uttered and published a disparaging statement about the title to the property; (3) the statement was false; (4) the statement was published with legal malice; and (5) the publication caused special damage, which means the loss of a specific sale. *Williams v. Jennings*, 755 S.W.2d 874, 879 (Tex. App. – Houston [14th Dist.] 1988).

The factual basis identified by Thomas for her claim is that MERS was listed in the public record as the mortgagee. (Compl. ¶¶ 453 – 458.) First, Thomas identified no "statement" made by Dolan, and the "public record" cannot be attributed to Dolan. Second, Thomas provides nothing more than conclusory assertions about the veracity and supposed legal malice of this "statement." Finally, Thomas does not identify any particular sale that was lost as a result of this alleged disparagement. Therefore, she has not stated a claim against Dolan for slander of title.

**Count 10(a)[20] – Civil Conspiracy**

**Count 13 – Conspiracy to Commit Wrongful Foreclosure by the Creation, Operation, and Use of the MERS System and Fraudulent Documents**

Counts 10(a) and 13 both allege claims for conspiracy. (Compl. ¶¶ 490-494, 501-517.) The crux of Thomas' claim is that Defendants conspired in committing various wrongful acts directed against Thomas and the putative class members. The elements of a civil conspiracy under Texas law are "(1) two or more persons; (2) an end to be accomplished; (3) meeting of the minds on the

---

[20] The Complaint contains two sections labeled as "Count 10." (Compl. ¶¶ 482-494.) The alleged count for civil conspiracy will be referred to in this motion as "Count 10(a)."

end or course of action; (4) one or more overt, unlawful acts; and (5) proximately resulting in an injury." *Arthur W. Tifford, PA v. Tandem En. Corp.*, 562 F.3d 699, 709 (5th Cir. 2009). Thomas' claims fail for at least two reasons. First, Thomas fails to identify a single unlawful act. Second, Thomas fails to identify any damages the putative class or she bore as a result of the alleged conspiracy.

The only "unlawful acts" of which Thomas complains in Count 10(a) are those for which she has brought other causes of action. As detailed throughout this motion, each cause of action suffers from a fatal defect. Count 13 focuses on the creation, operation, and use of the MERS system. In addition to failing to show how this activity was an unlawful, Thomas also fails to identify any role that Dolan supposedly played with regard to MERS. Because Thomas fails to allege any cognizable "unlawful act" by Dolan, Thomas fails to sufficiently plead a claim for conspiracy.

Thomas also fails to allege any damages that resulted from the alleged conspiracy. Count 10(a) simply says that "[a]s a result of the civil conspiracy the plaintiff was injured and damaged and denied due process." (Compl. ¶ 494.) Such a conclusory allegation regarding damages is insufficient under *Twombly*. Accordingly, the Court must dismiss Counts 10(a) and 13.

### Count 16 – Declaratory Relief

Thomas' ability to bring a declaratory judgment action is governed by the Federal Declaratory Judgment Act.[21]  "A federal court has no jurisdiction over a claim for declaratory judgment in the absence of 'an actual controversy in the constitutional sense.'" *Gowanus Indus. Park, Inc. v. Hess Corp.*, No. 10-CV-5522 (JG)(JO), 2012 WL 273657, *17 (E.D.N.Y. Jan. 31,

---

[21]   28 U.S.C. §§ 2201-2202.

2012).   As discussed above, Thomas' Complaint does not present a constitutional case or controversy that this Court can adjudicate.

And even if this Court *could* exercise jurisdiction, that does not mean it *should*.  A district court's decision about whether to exercise jurisdiction over a declaratory judgment action is discretionary, and the court may refuse to exercise jurisdiction even if all the requirements of the Federal Declaratory Judgment Act are met.  *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 95 n.17 (1993).  The Second Circuit has provided some guidance to district courts deciding whether to exercise jurisdiction over a declaratory judgment action.  "According to the Second Circuit, a district court should render a declaratory judgment if either 'the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, [or] … will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Gowanus*, 2012 WL 273657, *18 (quoting *Broadview Chem. Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1970), *cert. denied*, 397 U.S. 1064, 90 S.Ct. 1502, 25 L.Ed.2d 686 (1970).   For example, establishing title to parcel of land meets this criteria, but determining who can use the parcel and exactly how it can be used in the future under a hypothetical set of facts does not.  *Id.* at *19-20.  Perhaps the most common example of an appropriate request for declaratory judgment is one seeking a declaration of rights under an insurance contract, which settles the legal relationship between the parties and terminates the underlying insurance coverage dispute.

Here, Thomas' desired declaration does nothing more than duplicate her other voluminous causes of action by essentially asking the Court to declare that she is right and the Defendants are wrong.  (Compl. ¶¶ 525-527.)  If granted, her request for a declaration that the Defendants have violated her rights would not settle any relationship or terminate any case or controversy, but rather would require further litigation to determine the appropriate remedy for the violation.  Moreover, as

with her other causes of action, Thomas pleads no factual basis that makes it plausible that she is entitled to the declaratory relief she seeks.  Therefore, Count 16 should be dismissed.

**E.      Thomas' Complaint Should Also Be Dismissed under Rule 12(b)(3) because the Eastern District of New York is an Improper Venue for this Dispute.**

Thomas' Complaint must be dismissed under Rule 12(b)(3) because the Eastern District of New York is an improper venue.  On a motion to dismiss under Rule 12(b)(3), the plaintiff bears the burden of proving that venue in this district is proper.  *Solow Bldg. Co. v. ATC Assocs., Inc.*, 175 F.Supp.2d 465, 469 (E.D.N.Y. 2001).

This case has no connection to New York.  Thomas' Complaint does not provide a single allegation of any event or omission occurring in New York.  Indeed, *all* of the alleged acts giving rise to her claim are alleged to have occurred in Texas.  In an attempt to support her venue choice, Thomas provides a single conclusory statement that "Venue is proper in this District pursuant 28 U.S.C. § 1391." (sic) (Compl. ¶ 82.)  But Thomas offers zero factual support for her venue claim.

All of the Defendants do not reside in the same state.  Therefore, for venue to be proper under section 1391(b)(2), the case must be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391.  Thomas fails to even allege that *any* of the events or omissions giving rise to her claim occurred in the Eastern District of New York.  In the absence of *any* factual allegations to support Thomas' choice of venue, the Court should dismiss Thomas' claim under Rule 12(b)(3).[22]

---

[22]      In the alternative, the Court could transfer this case to the Southern District of Texas.  28 U.S.C. § 1406(a) provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."   Indeed, Thomas filed a nearly identical complaint in the Southern District of Texas, and none of the Defendants challenged the personal jurisdiction or venue of that forum.  However, given that Thomas voluntarily dismissed that case, dismissal of the current Complaint with prejudice is a more appropriate remedy than giving Thomas yet another bite at the apple in that forum.

**CONCLUSION**

Thomas' Complaint cannot survive the scrutiny of the Federal Rule of Civil Procedure, and must be dismissed for a variety of different reasons.  Her 100+ page cathartic rant provides numerous conclusory allegations, but none of the requisite factual support to show that any of the claims she asserts are plausible on their face.  *Twombly* and *Iqbal* have soundly condemned complaints like the one filed by Thomas that do nothing more than throw voluminous generalized allegations up against the wall in hopes that something will stick.

*Twombly* mandates that a plaintiff with "a largely groundless claim" should not "be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value."  550 U.S. at 558 (internal citation omitted).  After being forced to incur the costs of defending against these baseless claims for the third time in the third different court, Defendants The Dolan Company, American Processing Company, LLC, and NDeX West, LLC, respectfully request that this Court end this exercise permanently by dismissing Thomas' Complaint in its entirety with prejudice.

Dated: February 10, 2012                        Respectfully submitted,

                                                **BAKER BOTTS L.L.P.**


                                                /s/ W. Zachary Hughes
                                                W. Zachary Hughes
                                                NY State Bar No. 4890091
                                                30 Rockefeller Plaza
                                                New York, New York 10112-4498
                                                Telephone:  (212) 408.2504
                                                Facsimile:  (212) 259-2504
                                                Email:  *zach.hughes@bakerbotts.com*

                                                COUNSEL FOR THE DOLAN COMPANY,
                                                AMERICAN PROCESSING COMPANY, LLC,
                                                AND NDEX WEST, LLC