UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

---

ELIZABETH THOMAS,

                                  Plaintiff,

- versus -

JP MORGAN CHASE, N.A., BARRETT,
DAFFIN FRAPPIER TURNER & ENGEL LLP
(*collectively*) BARRETT , BURKE, WILSON,
CASTLE DAFFIN & FRAPPIER, LLP.,
DOLAN COMPANY (*collectively*)
AMERICAN PROCESSING COMPANY
NATIONAL DEFAULT EXCHANGE
HOLDING ("NDEx"), MERSCORP INC.,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., their
Executives, Directors, Shareholder and
Employees, JOHN DOES 1-100,

                                  Defendants.

ORDER

11-CV-3656 (JG) (RML)

---

JOHN GLEESON, United States District Judge:

      In light of the dismissal of claims against Barrett Daffin Frappier Turner & Engel, LLP ("Barrett") for lack of personal jurisdiction, plaintiff Elizabeth Thomas has requested a transfer of her case, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Southern District of Texas. Weighing in favor of transfer is that at least some of Thomas's claims against Barrett would be time-barred if she refiled her case there. "Even in such circumstances, however, courts will not waste judicial resources by transferring a case that is clearly doomed." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 436 (2d Cir. 2005) (internal quotation marks and citation omitted). If "the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the court in which it is initially filed—the

court that does not have jurisdiction—should dismiss the case rather than waste the time of another court." *Id.* (internal quotation marks and citation omitted); *see also Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011).

I conclude that transfer is unwarranted because Thomas's claims against Barrett have no chance of success. In my July 11, 2012 memorandum and order, *Thomas v. JP Morgan Chase, N.A.*, No. 11-CV-3656 (JG) (RML), 2012 WL 2872164 (E.D.N.Y. July 11, 2012) ("*Thomas I*"), I dismissed Thomas's claims against some of the defendants as barred by the doctrine of judicial estoppel. For substantially the same reasons, the claims against Barrett would be dismissed if Thomas pursued them in the Southern District of Texas. Transferring the case would therefore be futile.[1] Contrary to Thomas's argument, Barrett did not waive the defense of judicial estoppel by failing to raise it in its motion to dismiss for lack of personal jurisdiction. *See generally* Fed. R. Civ. P. 12(h)(1)–(2). Accordingly, Thomas's application to transfer the case or to vacate my order insofar as it dismissed the claims against Barrett is denied.

Thomas also challenges my ruling in *Thomas I* that her claims are barred by judicial estoppel and seeks to have that ruling vacated. She asserts three grounds for this requested relief.

First, Thomas contends that the Court lacked subject-matter jurisdiction and thus should not have reached the merits of the case. I reject this argument. Thomas alleged claims arising under federal law and her second amended complaint adequately alleges a cognizable injury-in-fact. *See Thomas I*, 2012 WL 2872164, at *3 n.5. She has not shown why subject-matter jurisdiction is lacking.

---

[1] In a July 27, 2012 submission, Thomas requests that the case be transferred to either the Southern District of New York or the District of Delaware. For the same reason transfer to the Southern District of Texas is unwarranted, transfer to these districts is unwarranted as well. In addition, there is no showing that Barrett would be subject to personal jurisdiction in either of those districts.

Second, Thomas claims that since the Court considered matters outside the complaint in ruling on the defendants' motions to dismiss, the motions should have been converted to summary judgment motions and she should have been given notice of the conversion. However, as explained in *Thomas I*, a court deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may consider judicially noticeable documents without converting the motion to one for summary judgment. *See Thomas I*, 2012 WL 2872164, at \*6. In determining that Thomas's claims were barred by judicial estoppel, I considered only documents filed in other federal courts. I did not consider them for the truth of the matters asserted therein, but only for their existence and content. It was therefore unnecessary to convert the motions to summary judgment motions. To the extent the Defendants submitted documents that could not properly be relied on in granting a Rule 12(b)(6) motion, those documents were not material to the judicial estoppel issue and were not considered.

Finally, Thomas challenges the merits of my conclusion that her claims are barred by judicial estoppel. While I need not repeat the analysis of the issue in *Thomas I*, I note that Thomas appears to be under the misimpression that she did not have to schedule her legal claims as assets in her bankruptcy proceeding if she had not yet filed those precise claims in a pending lawsuit. As explained in my earlier ruling, a claim may exist and be deemed an asset for bankruptcy purposes regardless of whether the debtor has asserted it in any way. *See id.* at \*9.

Accordingly, the application to vacate *Thomas I* is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 6, 2012
      Brooklyn, New York