12-3223-cv
*Thomas v. Barrett, Daffin, Frappier, Turner & Engel LLP*



# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

1    At a stated term of the United States Court of Appeals for the Second Circuit, held
2    at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New
3    York, on the 18th day of September, two thousand thirteen.
4
5    PRESENT:
6            JOHN M. WALKER, JR.,
7            DEBRA ANN LIVINGSTON,
8            DENNY CHIN,
9
10                *Circuit Judges.*
11    _____
12
13    ELIZABETH THOMAS,
14
15                *Plaintiff-Appellant,*
16
17        v.                                                    No. 12-3223-cv
18
19    BARRETT, DAFFIN, FRAPPIER, TURNER & ENGEL
20    LLP, FKA BARRETT, BARRETT, BURKE, WILSON,
21    CASTLE, DAFFIN & FRAPPIER, LLP, *et al.,*
22
23                *Defendants-Appellees,*
24
25    NDEX WEST LLC, *et al.,*
26
27                *Defendants.*
28    _____

MANDATE

MANDATE ISSUED ON 10/10/2013

| 1 | Elizabeth Thomas, *pro se*, Tomball, Texas, *on* |
| 2 | *submission*, for *Plaintiff-Appellant*. |
| 3 | |
| 4 | Jeffrey G. Stark, Forchelli, Curto, Deegan, |
| 5 | Schwartz, Mineo, Cohn & Terrana, LLP, |
| 6 | Uniondale, New York, and Melissa J. Armstrong, |
| 7 | Baker Botts LLP, New York, New York, *on* |
| 8 | *submission*, for *Defendants-Appellees*. |

9   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

10   **DECREED** that the orders of the District Court (Gleeson, *J.*) are **AFFIRMED**.

11   Appellant Elizabeth Thomas, proceeding *pro se*, appeals from the district court's

12   order dismissing her claims against Appellee Barrett, Daffin, Frappier, Turner & Engel LLP

13   (the "Barrett firm") for lack of personal jurisdiction and dismissing her claims against

14   Appellees The Dolan Company and American Processing Company, and defendant NdeX

15   West, LLC (the "Dolan companies"), based upon judicial estoppel.  She further appeals

16   from the district court's order denying reconsideration of these decisions and denying her

17   motion to transfer her case to the Southern District of Texas.  We assume the parties'

18   familiarity with the underlying facts, the procedural history of the case, and the issues on

19   appeal.

20   The issue of standing is a threshold jurisdictional issue, which a federal court must

21   entertain before reaching the merits of the case.  *Ross ex rel. Dunham v. Lantz*, 408 F.3d 121,

22   123 (2d Cir. 2005) (per curiam).  Federal courts must examine the issue of standing whether

23   or not it is raised by the court below or the parties.  *Juidice v. Vail*, 430 U.S. 327, 331 (1977).

2

1   This is because a federal court considering a matter that is not a case or controversy, and

2   therefore not delegated to the federal judiciary under Article III, would "violate principles

3   of separation of powers." *Connecticut v. Physicians Health Servs. of Conn., Inc.*, 287 F.3d 110,

4   116 (2d Cir. 2002).

5        Under 11 U.S.C. § 541(a)(1), the commencement of a bankruptcy case creates an

6   estate comprised of "all legal or equitable interests of the debtor in property as of the

7   commencement of the case."   The bankruptcy estate includes future, nonpossessory,

8   contingent, speculative, and derivative interests, along with all causes of action "owned by

9   the debtor or arising from property of the estate." *Chartschlaa v. Nationwide Mut. Ins. Co.*,

10  538 F.3d 116, 122 (2d Cir. 2008).  Property acquired after the filing of a bankruptcy petition,

11  although normally not part of the estate, will vest in the estate if it is derived from property

12  that was part of the estate as of the commencement of the bankruptcy.  *See id.* (citing 11

13  U.S.C. § 541(a)(6)).  Where legal claims become part of a bankruptcy estate, the debtor lacks

14  standing to bring these claims, in the absence of circumstances not present here. *See id.* at

15  123.

16       Although the district court dismissed Appellant's claims against the Dolan

17  companies because she had failed to disclose them in a bankruptcy action and was

18  therefore judicially estopped from pursuing them, it noted in passing that dismissal of

19  these claims was also appropriate because Appellant lacked standing, as the claims were

3

1    properly part of the bankruptcy estate.  We conclude that the district court did not err in

2    determining that Appellant's claims against the Dolan companies vested in the bankruptcy

3    estate because they were derived from property that was part of the estate.  As a result,

4    Appellant lacks standing with respect to her claims against the Dolan companies, and we

5    affirm the district court's dismissal of these claims for this reason.

6          Additionally, although the district court dismissed Appellant's claims against the

7    Barrett firm for lack of personal jurisdiction, it later noted that Appellant would also be

8    judicially estopped from pursuing these claims for substantially the same reasons that she

9    was estopped from pursuing her claims against the Dolan companies.  We agree, and the

10    same facts that support this finding demonstrate that Appellant lacked standing to pursue

11    these claims as well.  As a result, we affirm the district court's dismissal of the claims

12    against the Barrett firm, and we similarly affirm the district court's rejection of the

13    arguments in Thomas's motion to reconsider or transfer.

14          We have considered all of Appellant's remaining arguments and find them to be

15    without merit.  Accordingly, we **AFFIRM** the orders of the district court.

16

17          FOR THE COURT:

18          Catherine O'Hagan Wolfe, Clerk

19

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4